# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent of ENSIGN FEDERAL CREDIT UNION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALI A. MORADASHI, an individual; ISAAC NORMAN, an individual; HAMID MAHBAN, an individual, DOES I-X, and ROE CORPORATIONS I-X,<br><br>　　　　　Defendants. | Case No.: 2:10-cv-01703-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Partial Summary Judgment–#28) |

Before the Court is Plaintiff National Credit Union Administration Board's **Motion for Partial Summary Judgment** (#28, filed Dec. 15, 2011). Defendants Ali A. Moradashi, Isaac Norman, and Hamid Mahban did not file any response.

## BACKGROUND

This is a breach of contract case premised on the breach of commercial guaranties. Defendants are members of 2500 Washington, LLC. 2500 Washington took out a loan from Ensign Federal Credit Union ("Ensign") and eventually defaulted. Defendants had executed a

1

1   commercial guaranty personally guaranteeing the 2500 Washington's obligations to Ensign.  The
2   Defendants have failed to pay 2500 Washington's obligations to Ensign.  Plaintiff, acting as the
3   liquidating agent for Ensign, brought suit against Defendants alleging: (1) breach of contract, and
4   (2) breach of the covenant of good faith and fair dealing.  Now before the Court is Plaintiff's
5   motion for partial summary judgement.  For the reasons discussed below, the Court grants the
6   motion in part and denies it in part.

**DISCUSSION**

**I.   Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994).  Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v.  Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

/

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**II.     Analysis**

A district court cannot rely on its local rules as a basis for granting summary judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Several Ninth Circuit decisions have made it clear that a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Otherwise, the court turns the summary judgment rule into a mere sanction for noncompliance with local rules. *Id.*; *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993) (quoting *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 n. 1 (9th Cir. 1976)).

**A.     Breach of Contract**

To succeed on a breach of contract claim, Plaintiff must demonstrate: "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the

breach." *Coehn-Breen v. Gray Television Group, Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev. 2009). Plaintiff has provided sufficient evidence to show that Defendants are liable for breach of contract based on their personal guarantees (principally, the guarantees and declarations showing default). Accordingly, the Court grants summary judgement on this claim for Plaintiff.

### B. Breach of the Covenant of Good Faith and Fair Dealing

To prove its claim for contractual breach of the covenant of good faith and fair dealing, Plaintiff must show: (1) Plaintiff and Defendants were parties to a contract; (2) Defendants owed a duty of good faith to Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were thus denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Here, there is no evidence that Defendants performed the contract in a manner that was unfaithful to the purpose of the contract. Rather, Defendants simply breached their contracts, and are liable for such. Thus, the Court denies summary judgment on this claim. Instead, the Court dismisses this claim *sua sponte*.

The only remaining issue in this case is damages for Defendants' various breaches of contract.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (#28) is GRANTED in part and DENIED in part as explained above.

Dated: March 15, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**