UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent of ENSIGN FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>ALI A. MORADASHI, an individual; ISAAC NORMAN, an individual; HAMID MAHBAN, an individual, DOES I-X, and ROE CORPORATIONS I-X,<br><br>Defendants. | Case No.: 2:10-cv-01703-RLH-PAL<br><br>**ORDER**<br><br>(Motion for Partial Summary Judgment–#30) |

Before the Court is Plaintiff National Credit Union Administration Board's **Motion for Partial Summary Judgment** (#30, filed Mar. 29, 2012). The Court granted Defendants Ali A. Moradashi, Isaac Norman, and Hamid Mahban an extension to file their Opposition on April 19. (#32.) Nonetheless, Defendants did not file any response.

### BACKGROUND

This is a breach of contract case premised on the breach of commercial guaranties. Defendants are members of 2500 Washington, LLC. 2500 Washington took out a loan from

AO 72
(Rev. 8/82)

1  Ensign Federal Credit Union ("Ensign") and eventually defaulted. Defendants had executed
2  commercial guaranties personally guaranteeing 2500 Washington's obligations to Ensign. The
3  Defendants have failed to pay 2500 Washington's obligations to Ensign. Plaintiff, acting as the
4  liquidating agent for Ensign, brought suit against Defendants alleging: (1) breach of contract, and
5  (2) breach of the covenant of good faith and fair dealing. The Court previously granted in part and
6  denied in part Plaintiff's unopposed motion for partial summary judgment on the issue of liability.
7  (#29.) The Court granted the motion as to breach of contract and dismissed Plaintiff's breach of
8  the covenant of good faith and fair dealing claim. (*Id.*) Now before the Court is Plaintiff's motion
9  for partial summary judgment on the issue of damages. For the reasons discussed below, the Court
10 grants the motion.

**DISCUSSION**

I.  **Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a

1  summary judgment motion, a court views all facts and draws all inferences in the light most
2  favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d
3  1100, 1103 (9th Cir. 1986).
4      The moving party bears the burden of showing that there are no genuine issues of
5  material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry
6  its burden of production, the moving party must either produce evidence negating an essential
7  element of the nonmoving party's claim or defense or show that the nonmoving party does not
8  have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
9  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the
10 moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
11 "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
12 The nonmoving party "may not rely on denials in the pleadings but must produce specific
13 evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
14 *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
15 show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285
16 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of
17 evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.
18 **II.    Analysis**
19     A district court cannot rely on its local rules as a basis for granting summary
20 judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Several Ninth Circuit
21 decisions have made it clear that a nonmoving party's failure to comply with local rules does not
22 excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to
23 judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).
24 Otherwise, the court turns the summary judgment rule into a mere sanction for noncompliance
25 with local rules. *Id.*; *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993)
26 (quoting *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 n. 1 (9th Cir. 1976)).

AO 72
(Rev. 8/82)

The Court has reviewed the motion and finds that it has merit. The Court awards damages based on the commercial guarantees executed by each of the Defendants (Dkt. #30, Exs. 3C, 3D, and 3E) in the amount of $682,983.82. This figure is derived by subtracting the purchase price from the foreclosure sale ($968,000 — *id*. Ex. 3, Hayes Decl. ¶ 16) from the outstanding principal, interest, and late fees as of the foreclosure sale ($1,650,983.82 — *id*., ¶ 14), pursuant to NRS 40.495(4). Interest shall accrue on this amount at the contractually agreed rate of 9.51% (*id*. Exs. 3B, 3C, 3D, and 3E) both pre- and post-judgment until fully paid. Further, the Court awards legal fees and costs as set forth in the commercial guaranties in the amount of $37,605.21 (the Court does not award the theoretical future fees envisioned by counsel in their motion as this the motion went unopposed and the Court is not holding a hearing on this matter). (*Id*. Ex.2, Milanowski Decl. ¶¶ 9, 10.) The Court also awards Plaintiff's reasonable costs in collecting on its loan as set forth by the parties' contracts: appraisal fees in the amount of $3,800.00; appraisal update fees in the amount of $1,800.00; Clark County property taxes in the amount of $25,195.88 that Plaintiff paid on July 31, 2011; and foreclosure fees in the amount of $15,798.94. (*Id*. Ex. 3, Hayes Decl. ¶ 18.)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (#30) is GRANTED. The Court directs the Clerk of the Court to close this case.

Dated: May 7, 2012.

ROGER L. HUNT
United States District Judge